IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIS JOHN YAZZIE, SR.,

    Movant/Defendant,

vs.                                                     No. CIV 20-0603 JB/KBM
                                                                No. CR 10-1761 JB

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon the Movant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody, filed June 23, 2020 (CIV Doc. 1; CR Doc. 255)("Motion"). The Motion is a second or successive motion under 28 U.S.C. § 2255 filed without the required authorization under 28 U.S.C. § 2255(h). The Court will order this case to be transferred to the United States Court of Appeals for the Tenth Circuit to determine whether to authorize Movant William John Yazzie, Sr. to proceed on his successive § 2255 motion.

Yazzie pled guilty and was sentenced to 188 months of imprisonment for aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). See Judgment at 1, filed May 8, 2014 (CR Doc. 158); Plea Agreement at 3-4, filed February 9, 2011 (CR Doc. 38). Yazzie filed his first, handwritten, motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on October 3, 2014. See Motion to Vacate at 1, filed October 3, 2014 (CR Doc. 195). In his Motion, Yazzie sought to have his sentence set aside for ineffective assistance of counsel. See Motion to Vacate at 1-2. The Court entered a Memorandum Opinion and Order adopting the Magistrate Judge's Proposed Findings and Recommended Disposition and dismissing

Yazzie's § 2255 motion on October 31, 2015.  See Memorandum Opinion and Order at 1, filed October 31, 2015 (Doc. 215)("MOO").  In its MOO, the Court concluded that Yazzie had not shown that he received ineffective assistance of counsel during his criminal trial and denied Yazzie a certificate of appealability.  See Memorandum Opinion and Order at 4, 7-9.  Yazzie then filed a second § 2255 motion challenging his conviction and sentence.  See Motion to Vacate, filed March 1, 2018 (CR Doc. 231)("Second Motion to Vacate").  The Court dismissed the Second Motion to Vacate for lack of jurisdiction on the grounds that it was a successive motion filed without the authorization that § 2255(h) requires.  See Memorandum Opinion and Order at 1, filed January 23, 2019 (CR Doc. 239).

Yazzie filed his third § 2255 Motion challenging his conviction on June 23, 2020.  See Motion at 1.  In his Motion, Yazzie seeks to extend the Supreme Court of the United States' decision in Davis v. United States, 139 S. Ct. 2319 (2019), which invalidated 18 U.S.C. § 924(c)'s residual clause, to his conviction under 18 U.S.C. § 2241(c).  See Motion at 10.  Because Yazzie has filed previous motions under § 2255 challenging the same conviction, see Motion to Vacate; Second Motion to Vacate, his current § 2255 Motion is a second or successive § 2255 motion subject to 28 U.S.C. § 2255(h)'s requirements.

Section 2255(h) provides that a panel of a Court of Appeals must certify a second or successive motion in accordance with § 2244 to contain:  (i) newly discovered evidence that is sufficient to establish by clear-and-convincing evidence that no reasonable factfinder finds the movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and that the Supreme Court made retroactive to cases on collateral review.  See 28 U.S.C. § 2255(h).  Section 2244 requires that, before the applicant files a second or successive application

in the district court, the applicant shall move the appropriate Court of Appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A).

Yazzie has not sought authorization to proceed on his § 2255 Motion. The Court lacks jurisdiction to consider his § 2255 Motion. See 28 U.S.C. § 2244(b)(3)(A). Generally, when an applicant files a second or successive § 2255 motion in the district court without the required authorization from a Court of Appeals, the district court may dismiss or may transfer the matter to the Court of Appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court determines that, because Yazzie's Motion presents a novel issue under Davis v. United States, it is in the interest of justice to transfer Yazzie's § 2255 to the Tenth Circuit.

**IT IS ORDERED** that Movant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody, filed June 23, 2020 (CIV Doc. 1; CR Doc. 255), be transferred to the United States Court of Appeals for the Tenth Circuit.

.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

P. Jeffrey Jones
Santa Fe, New Mexico

-- and --

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney At Law, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant/Petitioner*

John C. Anderson
   United States Attorney
Thomas Aliberti
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff/Respondent*